UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**DEBORAH WILLIAMS, as personal**
**representative of the Estate of**
**FREDDIE NEELY, Jr., Deceased,**

            **Plaintiff(s),**         CASE NUMBER: 06-10427
                                            HONORABLE VICTORIA A. ROBERTS

**v.**

**CITY OF FLINT, et al.,**

            **Defendant(s).**
_____/

ORDER GRANTING PLAINTIFF'S
MOTION TO AMEND COMPLAINT

     Plaintiff Deborah Williams requests that the Court permit her to amend her Complaint, pursuant to F.R.C.P. 15, to clarify her intention to assert civil rights allegations against the City of Flint ("the City").  Plaintiff listed the City of Flint in the case caption and served the Complaint on the City.  However, no specific allegations are made against the City in the body of Plaintiff's Complaint.  Plaintiff requests that she be allowed to correct this error.

     There is no evidence that allowing Plaintiff's amendment would result in undue prejudice to Defendants, or that it is prohibited for any of the reasons set forth in *Foman*.  The Court is also satisfied that the City had sufficient notice of Plaintiff claims of municipal liability for two reasons.  First, Plaintiff named and made specific allegations against the Flint Police Department, which is an agency created by the City.  It is well settled, and the Court found in a separate Order, that the City is the real party in interest

1

and the proper party against whom Plaintiff's claims of municipal liability must be brought.[1] *See* Order Granting Flint Police Department's Motion to Dismiss, April 7, 2006. Second, the City filed an Answer and Affirmative Defenses. Certain affirmative defenses appear to presume that Plaintiff's claims of municipal liability were asserted against the City. *See* City of Flint's Affirmative Defenses at ¶¶7, 15. Therefore, Plaintiff's motion to amend her Complaint is **GRANTED**.

Plaintiff is directed to further amend her Complaint to clarify all of the claims alleged. Specifically, Plaintiff must have separate counts for each Defendant and each claim. For example, there should be separate excessive force counts for each officer who allegedly used excessive force. There should be separate unlawful arrest counts, for each officer who allegedly unlawfully arrested Plaintiff's decedent.

Plaintiff is to file an Amended Complaint on or before April 20, 2006.

The boilerplate, superfluous and redundant paragraphs in the original Complaint must not be included in the Amended Complaint.

**IT IS SO ORDERED.**

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: April 10, 2006

---

[1] *See Haverstick Enterprises, Inc. v Financial Federal Credit Union, Inc.,* 32 F.3d 989, 991 n.1 (6th Cir. 1994); *Laise v Utica,* 970 F.Supp. 605, 608 (E.D. Mich. 1997); *Pierzynowski v Police Dept. City of Detroit*, 941 F.Supp. 633, 637 n.4 (E.D. Mich. 1997); *Adams v City of Marshall*, 2005 W.L. 3556146, *2 (W.D. Mich. 2005); *McPherson v Fitzpatrick*, 63 Mich. App. 461, 463-464 (1975).

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on April 10, 2006.

s/Linda Vertriest
Deputy Clerk

3