UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEBORAH WILLIAMS, as Personal
Representative of the Estate of
FREDDIE NEELY, JR., deceased,

        Plaintiff(s),        CASE NUMBER: 06-10427
                                        HONORABLE VICTORIA A. ROBERTS
v.

CITY OF FLINT, a Municipal Corporation,
OFFICER TERRENCE WALKER, OFFICER
BRENT SMALL, and SERGEANT GEORGE
EVANS, jointly and severally,

        Defendant(s).
_____/

## ORDER

**I.    INTRODUCTION**

This matter is before the Court on Plaintiff Deborah Williams's ("Plaintiff") Motion for Approval of Settlement and Distribution of Proceeds. (Doc. #46). The parties agreed to settle the action for $150,000 and divide the proceeds in the following manner: (1) Plaintiff's attorney will receive $25,000 in reimbursement fees (this includes guardian ad litem and conservatorship fees for the minor children) and $41,666.66 in attorney fees; (2) Plaintiff (decedent's mother) will receive $27,333.34; (3) decedent's four minor children will each receive $12,000; and (4) decedent's four siblings will receive $2,000 each.

For the following reasons, the Court **APPOINTS A GUARDIAN AD LITEM** for the minor children **BEFORE** the settlement hearing.

1

## II. APPLICABLE LAW AND ANALYSIS

Fed. R. Civ. P. 17(c)(2) says, "[t]he court must appoint a guardian ad litem – or issue another appropriate order – to protect a minor . . . who is unrepresented in an action." This means a guardian ad litem is only required when a minor is "unrepresented." *See General Motors Corp. v. Cochrane & Bresnahan*, 656 F.2d 161, 164 (5th Cir. 1981) (citing *Croce v. Bromley Corp.*, 623 F.2d 1084, 1093 (5th Cir. 1980)). "If the court feels that the [minor's] interests are otherwise adequately represented and protected, a guardian ad litem need not be appointed." *Roberts v. Ohio Cas. Ins. Co.*, 256 F.2d 35, 39 (5th Cir. 1958) (citing *Wescott v. United States Fidelity & Guaranty Co.*, 158 F.2d 20 (4th Cir. 1946)).

However, courts recognize their inherent power to appoint a guardian ad litem when it appears the minor's general representative has interests that may conflict with the minor's interests. *General Motors Corp.*, 656 F.2d at 164 (citing *M.S. v. Wermers*, 557 F.2d 170, 175 (8th Cir. 1977) and *Horacek v. Exon*, 357 F.Supp. 71, 74 (D. Neb. 1973)); *see also Burke v. Smith*, 252 F.3d 1260, 1264 (11th Cir. 2001) (stating a district court does not need to decide whether to appoint a guardian ad litem unless a conflict of interest exists between the representative and minor).

Here, while Fed. R. Civ. P. 17(c)(2) does not require the Court to appoint a guardian ad litem for the minor children because they were represented by Plaintiff, Plaintiff has an interest in the settlement, and the Court can't know that Plaintiff adequately protected the interests of these children. The potential for conflict of interest causes the Court to make this decision.

The Court exercises its discretion to appoint a guardian ad litem. *See Black v.*

2

*Koch Transfer Co.*, 1988 WL 11715 at *2 (6th Cir. Nov. 4, 1988) ("The decision as to whether or not to appoint a guardian ad litem rests with the sound discretion of the district judge and will not be disturbed unless there has been an abuse of discretion") (citation omitted).

## III. CONCLUSION

The Court **APPOINTS GEORGE J. BEDROSIAN AS GUARDIAN AD LITEM** for the four minor children. Plaintiff's attorney should contact Mr. Bedrosian at 65 Cadillac Square Suite 2810, Detroit, MI 48226 or (313) 965-6250.

Mr. Bedrosian will submit a report to the Court on the adequacy, sufficiency, and distribution of the settlement. The hearing on the Motion for Approval of Settlement and Distribution of Proceeds, currently scheduled for February 26, 2008 at 10:00 a.m., is postponed until the Court receives the report.

Further, Plaintiff's counsel is to serve a copy of this Order on all potential heirs listed in the motion, and file a proof of service that the Order was served.

**IT IS ORDERED**.

s/Victoria A. Roberts  
Victoria A. Roberts  
United States District Judge

Dated: January 25, 2008

> The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on January 25, 2008.
>
> s/Linda Vertriest  
> Deputy Clerk